IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 24-cv-00848-PAB-NRN

JENNIFER L. DEES, AND
ETHAN D. SMITH,

    Plaintiffs,

v.

WILLIAM HOOD, et al.,

    Defendants.

---

# ORDER

---

    The matter is before me on that portion of plaintiffs' Opposed Affirmation in Support of Recusal of Chief Judge Brimmer and Magistrate Judge Neureiter Pursuant to 28 U.S.C. §§ 455(a) & 455(b)(1) [Docket No. 89] that seeks my recusal.

    Plaintiffs Jennifer L. Dees and Ethan D. Smith request that Judge Neureiter and I recuse "to preserve the fairness and impartiality required in the administration of justice." Docket No. 89 at 1. I will only consider that portion of the plaintiffs' motion that requests my recusal. Because plaintiffs are proceeding pro se, I will construe their pleadings liberally without serving as their advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

    Plaintiffs argue that I should recuse because my "actions – such as selectively enforcing procedural rules and suppressing critical evidence – demonstrate a bias that undermines judicial impartiality." Docket No. 89 at 6. Plaintiffs further allege that I

"have not only prejudiced the Plaintiffs but have also violated their constitutional rights under the First, Fifth, and Fourteenth Amendments." *Id*.

Under 28 U.S.C. § 455(a), a federal judge is required to recuse himself "in any proceeding in which [his] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "Section 455 establishes 'an objective standard: disqualification is appropriate only where the reasonable person, were he to know all the circumstances, would harbor doubts about the judge's impartiality.'" *United States v. Mobley*, 971 F.3d 1187, 1205 (10th Cir. 2020) (quoting *United States v. Wells*, 873 F.3d 1241, 1251 (10th Cir. 2017)). In conducting this review, [the court] must ask how these facts would appear to a well-informed, thoughtful and objective observer, who is an average member of the public, not a hypersensitive, cynical, and suspicious person." *Id*. (internal quotations and citation omitted). "Though judges 'have a strong duty to recuse when appropriate,' they also have 'a strong duty to sit,' and § 455 must not be so broadly construed as to make recusal mandated 'upon the merest unsubstantiated suggestion of personal bias or prejudice.'" *Id*. (quoting *Wells*, 873 F.3d at 1251). The "statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice." *Switzer v. Berry*, 198 F.3d 1255, 1258 (10th Cir. 2000) (citation omitted). The party moving to disqualify a judge has the burden of proof. *Davis v. U.S. Dep't of Justice*, 2024 WL 3617343, at *3 (10th Cir. Aug. 1, 2024) (collecting cases).

"[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also Lammle v. Ball Aerospace & Techs. Corp*., 589 F. App' x 846, 849 (10th Cir. 2014) (unpublished) ("Unfavorable judicial rulings and ordinary efforts at courtroom administration are

insufficient grounds for recusal."). Rather, recusal based on a judge's decisions, opinions, or remarks "is necessary when a judge's actions or comments 'reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.'" *United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005) (quoting *Liteky*, 510 U.S. at 555). Adverse rulings that do not evidence such favoritism or antagonism "are grounds for appeal, not recusal." *Id*. (citation omitted).

Construing plaintiffs' arguments liberally, plaintiffs appear to base their recusal motion on the fact that I struck plaintiffs' response to defendant Robert Aron's motion to dismiss for excess pages, while I did not strike defendant Aron's motion for excess pages. Docket No. 64. The plaintiffs' motion also appears to be based on my order overruling plaintiffs' objection to Judge Neureiter's October 16, 2024 order denying plaintiffs' motion to strike defendant Robert Aron's motion to dismiss. Docket No. 86. Plaintiffs moved to strike defendant Aron's motion because I struck plaintiffs' response for being 17 pages long rather than the 15 pages permitted pursuant to Practice Standards (Civil cases), Chief Judge Philip A. Brimmer § III.A. Docket No. 69 at 1. They argued that I should similarly strike defendant Aron's motion to dismiss, which is also 17 pages. *Id*. Plaintiffs allege that I refused to "adhere consistently to its own procedural rules" resulting in "unequal treatment." Docket No. 89 at 7. Furthermore, plaintiffs argue that in making my rulings, I "effectively suppressed critical evidence," *id*. at 9, violated plaintiffs' First, Fifth, and Fourteenth Amendment rights, *id*. at 11, and violated federal judicial canons. *Id*. at 12.

As I noted in my order overruling plaintiffs' objections to Judge Neureiter's October 16, 2024 order, plaintiffs failed to take timely action to bring defendant Aron's

3

violation of § III.A of my practice standards to my attention. Docket No. 86 at 2. Instead, plaintiffs responded to defendant Aron's motion and, only after I struck plaintiffs' response, did plaintiffs move to strike defendant Aron's motion. *Id*. Plaintiffs failed to show any legal error in Judge Neureiter denying plaintiffs' motion to strike and also failed to demonstrate any prejudice since Judge Neureiter will permit them to expand on their arguments during the November 21, 2024 hearing on the motions to dismiss. *Id*. at 2–3.

The adverse rulings in Docket Nos. 64 and 86 provide no basis for recusal. *See Liteky*, 510 U.S. at 555 ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion"); *Wells*, 873 F.3d at 1252 ("adverse rulings cannot in themselves form the appropriate grounds for disqualification" (citation omitted)). Plaintiffs have identified no decisions, opinions, or remarks by me revealing such a "high degree of favoritism or antagonism as to make fair judgment impossible." *See Nickl*, 427 F.3d at 1298.

In addition, plaintiffs argue that the clerk's office's revocation of plaintiffs' e-filing privileges are grounds for my recusal. Docket No. 89 at 7. However, I did not revoke plaintiffs' e-filing privileges; rather, the clerk's office revoked plaintiffs' privileges for their violation of the Electronic Case Filing Procedures for the District of Colorado (Civil cases), § I. Docket No. 50. Thus, plaintiffs' only basis for their motion to recuse is predicated on adverse rulings, which does not provide sufficient basis for recusal. Accordingly, I do not find it necessary to recuse from this case.

It is therefore

4

**ORDERED** that the portion of plaintiffs' Opposed Affirmation in Support of Recusal of Chief Judge Brimmer and Magistrate Judge Neureiter Pursuant to 28 U.S.C. §§ 455(a) & 455(b)(1) [Docket No. 89] that seeks my recusal is **DENIED.**

Dated November 20, 2024

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge