IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 24-cv-00848-PAB-NRN

JENNIFER L. DEES, AND
ETHAN D. SMITH,

    Plaintiffs,

v.

WILLIAM HOOD, et al.,

    Defendants.

## ORDER

The matter is before the Court on Plaintiffs' Opposed Affirmation in Support of Motion for Certification of the Court's November 14, 2024, Order Pursuant to 28 U.S.C. § 1292(b) [Docket No. 88].

### I. BACKGROUND

On September 13, 2024, defendant Detective Robert Aron filed a motion to dismiss. Docket No. 46. Detective Aron argues that plaintiffs Jennifer L. Dees and Ethan D. Smith's federal claims should be dismissed as they are barred by the *Heck* rule, *Rooker-Feldman* abstention, qualified immunity, issue preclusion, and the statute of limitations. *Id*. at 2. Detective Aron further argues that plaintiffs' state claims should be dismissed because plaintiffs failed to comply with the Colorado Governmental Immunity Act and are barred by issue preclusion and the statute of limitations. *Id*. Detective Aron's motion was 17 pages long, violating § III.A of the Court's practice

standards, which imposes a 15-page limit on motions.  *See* Practice Standards (Civil cases), Chief Judge Philip A. Brimmer, § III.A.

On October 1, 2024, plaintiffs filed their response to Detective Aron's motion to dismiss.  Docket No. 62.  On October 4, 2024, the Court struck plaintiffs' response for failure to comply with § III.A of the Court's practice standards as their response was 17 pages long.  Docket No. 64.  The Court gave plaintiffs until October 7, 2024 to file an amended response that complied with the Court's practice standards.  *Id*.  Plaintiffs did not file an amended response.[1]

Rather, on October 15, 2024, plaintiffs filed a motion to strike Detective Aron's motion to dismiss.  Docket No. 69.  Plaintiffs' motion to strike was based on Detective Aron's motion being two pages over the Court's practice standards for the length of motions.  *See* Practice Standards (Civil cases), Chief Judge Philip A. Brimmer, § III.A.  Plaintiffs argued that, because the Court struck plaintiffs' response for violating the Court's practice standards on page limits, Detective Aron's motion should "be stricken from the record for failure to comply with the Court's applicable page limits pursuant to FRCP 12(f)."  Docket No. 69 at 2.

On October 16, 2024, Judge Neureiter denied plaintiffs' motion to strike in the "interests of efficiency and conservation of judicial resources" and declined to "further delay the briefing and hearing on [the] motion."  Docket No. 72 at 2.  Judge Neureiter gave plaintiffs the opportunity to make the arguments in their motion to strike orally at a hearing on the motions to dismiss on November 21, 2024.  *Id*.

---

[1] At a hearing on November 21, 2024, Judge Neureiter gave plaintiffs until November 26, 2024 to file an amended response to Detective Aron's motion to dismiss that complies with the Court's practice standards.

2

On October 18, 2024, plaintiffs objected to Judge Neureiter October 16 Order denying their motion to strike.  Docket No. 76.  They argued that, "[b]y upholding different standards for the parties involved, the magistrate fails to ensure a fair and just application of the law, violating the very essence of procedural fairness" and Fed. R. Civ. P. 1.  *Id*. at 2.  Further, plaintiffs argued that "[s]triking a pro se litigant's pleadings for minor technical violations while allowing leniency for attorneys would contravene Judicial Canons 2 and 3, which emphasize fairness and equal treatment under the law" and that "[g]ranting the plaintiff's motion to strike would not result in any undue delay."  *Id.* at 3.  The plaintiffs argued the "[f]ederal courts often relax procedural requirements for pro se parties to ensure they are not unfairly disadvantaged, especially when the violation is . . . relatively minor."  *Id*.

On November 14, 2024, the Court overruled plaintiffs' objection to Judge Neureiter's October 16 Order.  Docket No. 86.  The Court found that plaintiffs failed to identify a clear legal error that Judge Neureiter made in finding that Rule 12(f) did not support plaintiffs' motion.  *Id*. at 2.  Further, the Court found plaintiffs did not show that, because the Court struck plaintiffs' response, Judge Neureiter was obligated to do the same in regard Detective Aron's motion.  *Id*. at 2–3.  Plaintiffs did not bring Detective Aron's violation of the Court's practice standards to the court's attention until plaintiffs filed their motion to strike.  *Id.*  Instead, plaintiffs responded to Detective Aron's motion and, only after the Court struck plaintiffs' response, did plaintiffs file their motion to strike.  *Id*.  Moreover, the Court found that plaintiffs did not suffer any prejudice from Judge Neureiter's October 16 Order as plaintiffs were permitted to expand on their arguments at the November 21, 2024 hearing.  *Id*.

3

## II. ANALYSIS

Plaintiffs' Opposed Affirmation in Support of Motion for Certification of the Court's November 14, 2024, Order Pursuant to 28 U.S.C. § 1292(b) and if granted a Request for Stay Pending Appeal, or in the Alternative Reconsider Prior Rulings, asks the Court to reconsider its November 14 Order and October 4 Order, to certify an interlocutory appeal of the November 14 Order to the Tenth Circuit, and to stay this case pending such appeal.  Docket No. 88 at 1–2.  Because plaintiffs are proceeding pro se, the Court will construe their pleadings liberally without serving as their advocate.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### A. Motion to Reconsider the November 14 and October 4 Orders

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration.  *See Hatfield v. Bd. of Cnty. Comm'rs for Converse Cnty*., 52 F.3d 858, 861 (10th Cir. 1995).  Instead, motions for reconsideration fall within a court's plenary power to revisit and amend interlocutory orders as justice requires.  *See Paramount Pictures Corp. v. Thompson Theatres, Inc*., 621 F.2d 1088, 1090 (10th Cir. 1980) (citing Fed. R. Civ. P. 54(b)); *see also Houston Fearless Corp. v. Teter*, 313 F.2d 91, 92 (10th Cir. 1962).  In order to avoid the inefficiency that would attend the repeated re-adjudication of interlocutory orders, judges in this district have imposed limits on their broad discretion to revisit interlocutory orders.  *See, e.g., Montano v. Chao*, No. 07-cv-00735-EWN-KMT, 2008 WL 4427087, at *5–*6 (D. Colo. Sept. 28, 2008) (applying Rule 60(b) analysis to the reconsideration of interlocutory order); *United Fire & Cas. Co. v. McCrerey & Roberts Constr. Co*., No. 06-cv-00037-WYD-CBS, 2007 WL 1306484, at *1–*2 (D. Colo. May 3, 2007) (applying Rule 59(e) standard to the reconsideration of the duty-to-defend order).  Regardless of the analysis applied, the basic assessment tends

to be the same: courts consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error.  *See Echon v. Sackett*, No. 14-cv-03420-PAB-NYW, 2019 WL 8275344, at *2 (D. Colo. Feb. 12, 2019); *cf. Alpenglow Botanicals, LLC v. United States*, 894 F.3d 1187, 1203 (10th Cir. 2018) ("a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law").  Motions to reconsider are generally an inappropriate vehicle to advance "new arguments, or supporting facts which were available at the time of the original motion."  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Plaintiffs argue that the Court should reconsider its November 14 Order and October 4 Order because "[t]he court's decision to strike the pro se response . . . while allowing the defendants' motion under identical procedural circumstances, represents a significant error."  Docket No. 88 at 12.  Further, plaintiffs argue that the Court has "misapprehended both the factual context and the legal positions advanced by the plaintiff."  *Id*.  Plaintiffs allege that they have suffered "undue prejudice" and "disparate treatment" as pro se litigants and have "presented compelling evidence of procedural inconsistences."  *Id*. at 12–14.  Construing plaintiffs' arguments liberally, they appear to be arguing that their motion to reconsider should be granted because the Court striking their response and overruling their objections to Judge Neureiter's October 16, 2024 Order resulted in clear error or "manifest injustice."  *Id*. at 13–14; *see Servants of the Paraclete*, 204 F.3d at 1012.

The Court finds that there is no new evidence or legal authority for it to consider. Rather, plaintiffs state that they have "presented compelling evidence" of "disparate

5

treatment." Docket No. 88 at 13. Plaintiffs' evidence appears to be based on the Court's November 14 Order and the fact that the Court struck plaintiffs' response, and not Detective Aron's motion. *Id*. at 13. Plaintiffs also argue that the clerk's office's[2] revocation of their e-filing privileges constitutes disparate treatment. *Id*. However, all this evidence was before the Court when it issued its November 14 Order and October 4 Order. Plaintiffs also argue that the Court has "misapprehended both the factual context and legal positions advanced by the plaintiff." *Id*. at 12. Because plaintiffs have not presented any new evidence or legal authority, there is no indication that the Court "misapprehended" the facts or plaintiffs' legal position. Accordingly, the Court will consider whether its overruling of plaintiffs' objections or striking their response was clearly in error or otherwise resulted in manifest injustice. *Echon*, 2019 WL 8275344, at *2; *Servants of the Paraclete*, 204 F.3d at 1012.

The Court finds that plaintiffs fail to identify a clear error in the Court's prior rulings or any manifest injustice. The Court found that Judge Neureiter did not err in ruling that Rule 12(f) did not support plaintiffs' motion to strike. Docket No. 86 at 2. Plaintiffs do not address this point in their motion for reconsideration. Docket No. 88. Further, plaintiffs do not identify a clear error in the Court's finding that – despite Detective Aron's motion having the same number of excess pages as plaintiffs' response – Judge Neureiter did not err in denying plaintiffs' motion to strike Detective

---

[2]Plaintiffs claim that the Court is responsible for the revocation of their e-filing privileges. Docket No. 88 at 13. However, the clerk's office, not the Court, revoked plaintiffs' e-filing privileges for their violation of the Electronic Case Filing Procedures for the District of Colorado (Civil cases), § I.1. Docket No. 50.

Aron's motion. Docket No. 86 at 2–3. Nor do plaintiffs identify a clear error in the Court's decision to strike their response. *Id*.

Plaintiffs perceive an intentional disparity in how they were treated. Plaintiffs believe that, because the Court sua sponte struck their response for being 17 pages long, the Court's failure to strike Detective Aron's motion to dismiss, which was also 17 pages long and similarly in violation of the Practice Standards (Civil cases), Chief Judge Philip A. Brimmer, § III.A, constitutes intentional discrimination against them and will "perpetuate procedural inequality." Docket No. 88 at 4. Plaintiffs' assumption is incorrect.

Rather, the Court found that plaintiffs did not take timely action to bring Detective Aron's violation of the Court's practice standards to the Court's attention. Docket No. 86 at 2. Plaintiffs instead responded to Defendant Aron's motion to dismiss. *Id*. When the Court struck plaintiffs' response for violation of the Court's practice standards, the Court gave plaintiffs the opportunity file an amended response, which they failed to do.[3] Docket No. 64. Plaintiffs are correct that Detective Aron's motion to dismiss, like plaintiffs' response to the motion, exceeds the 15-page limit by two pages. Had the Court noticed the length of Detective Aron's motion, the motion would have been stricken. However, by the time that plaintiffs filed their motion to strike, the procedural posture of the case was materially different. Judge Neureiter had set a hearing on the three motions to dismiss that had been filed, Docket Nos. 65, 72, and plaintiffs had not

---

[3]Plaintiffs argue that they were unable to file an amended response because, due to the revocation of their e-filing privileges by the clerk's office, they did not receive the Court's order striking their response until after the deadline to file an amended response had passed. Docket No. 69 at 1. However, at no point did plaintiffs file a motion to request leave of the Court to file their amended response after the deadline.

refiled their response to Detective Aron's motion to dismiss, even though the Court gave plaintiffs the ability to do so on or before October 7, 2024. Docket No. 64. Moreover, Judge Neureiter gave plaintiffs the opportunity to argue their response to Detective Aron's motion orally and gave them until November 26, 2024 to file a new response that complied with the Court's practice standards, such that there is no manifest injustice in the Court striking plaintiffs' response.

Thus, plaintiffs' hyperbolic assumption that they were being discriminated against is discredited by the practical situation that Judge Neureiter encountered. The Court finds no clear error or manifest injustice in either its November 14 or October 4 Orders. Accordingly, the Court will deny plaintiffs' motion to reconsider.

### B. Motion to Certify an Interlocutory Appeal

Construing plaintiffs' arguments liberally, it appears that plaintiffs argue that they can appeal the Court's November 14 Order in one of three ways. First, plaintiffs request that the Court certify the November 14 Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Docket No. 88 at 3. Second, plaintiffs argue that the November 14 Order is a "collateral order" that is reviewable by the Tenth Circuit. *Id*. at 8. Third, plaintiffs request that the Court direct final judgment as to the November 14 Order under Fed. R. Civ. P. 54(b), which would facilitate an appeal. *Id*. at 13. The Court addresses each argument in turn.

#### 1. Certification of Interlocutory Appeal Under 28 U.S.C. § 1292(b)

Under 28 U.S.C. § 1292(b), a district court may certify an interlocutory order for appeal if (1) the "order involves a controlling question of law"; (2) "there is substantial ground for difference of opinion" on that issue; and (3) certification "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "A district court

has discretion in determining whether to certify an order for interlocutory appeal." *Ebonie S. ex rel. Mary S. v. Pueblo Sch. Dist. 60*, No. 09-cv-00858-WJM-MEH, 2011 WL 1882829, at *2 (D. Colo. May 17, 2011). "Only 'exceptional' circumstances warrant interlocutory appeals under § 1292(b)." *Id*. (quoting *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 (1996)); see also *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 84 (1981) ("Unless a litigant can show . . . that the order can be 'effectually challenged' only by immediate appeal, the general congressional policy against piecemeal review will preclude interlocutory appeal."); *United States ex rel. Michaels v. Agape Senior Cmty., Inc.*, 848 F.3d 330, 341 (4th Cir. 2017) ("[Section] 1292(b) review is not appropriate where . . . the question presented turns on whether there is a genuine issue of fact or whether the district court properly applied settled law to the facts or evidence of a particular case." (internal quotations and citation omitted)).

### a. Controlling Question of Law

"A question is 'controlling' if interlocutory reversal would terminate the action or at least conserve time for the lower court or time and expense for the parties." *In re Adam Aircraft Indus., Inc.*, No. 09-cv-00728-CMA, 2010 WL 717841, at *3 (D. Colo. Feb. 23, 2010). A "new legal question or [one] of special consequence" may also constitute a "controlling question of law." *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 110-111 (2009) (citation omitted). However, "§ 1292(b) appeals were intended, and should be reserved, for situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts*." McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004).

Plaintiff argues that the question as to "whether procedural rules must be enforced consistently to ensure fairness and due process" is a "critical question of law" because it impacts the "fundamental principles of procedural integrity, fairness, and the equitable treatment of litigants in federal court." Docket No. 88 at 4–5. Further, plaintiffs argue that the November 14 Order "underscores the procedural inequities." *Id*. at 7.

The Court finds that the November 14 Order does not constitute a controlling question of law. If the Tenth Circuit were to agree with plaintiffs, the only effect would be that plaintiffs' motion to strike Detective Aron's motion would be granted. Striking Detective Aron's motion to dismiss would not terminate this action. In fact, it is likely that Detective Aron would be granted leave to file a motion that complied with the practice standards. Furthermore, interlocutory appeal would not greatly conserve the resources of the Court or litigants. *See In re Adam Aircraft Indus., Inc.*, 2010 WL 717841, at *3. In fact, it would burden the resources of the Court and litigants by allowing an appeal where plaintiffs have shown no prejudice and whose outcome would not change the underlying proceeding.

The Court also finds that the question as to whether Judge Neureiter erred in denying plaintiffs' motion to strike, and declining to enforce another judge's practice standards, is not a new legal question or one of special consequence. As discussed previously, Judge Neureiter denied plaintiffs' motion to strike based on the procedural posture of the proceedings at the time: plaintiffs waited over a month to file their motion to strike Detective Aron's motion to dismiss, and in that time, did not file an amended response or seek leave to file an amended response after the deadline. Docket No. 72

at 1–2.  Moreover, plaintiffs orally responded to the motions to dismiss, including Detective Aron's motion, at the November 21, 2024 hearing.  Judge Neureiter also permitted plaintiffs to file a new response to Detective Aron's motion that complied with the Court's practice standards by November 26, 2024.  Plaintiffs attempt to frame the controlling question of law as one that implicates the rights of pro se plaintiffs to be treated equally and fairly in court proceedings.  Docket No. 88 at 5.  However, as discussed previously, such an issue is not implicated here.  Rather, the Court's November 14 Order and Judge Neureiter's October 16 Order were based on judicial economy, not plaintiffs' pro se status, and on avoiding delay in the briefing process on the motions to dismiss.  Moreover, plaintiffs have not presented a "pure, controlling question of law," but rather a challenge to the permissible exercise of discretion for which they have shown no prejudice.

### b.  Substantial Grounds for Difference of Opinion

There are substantial grounds for difference of opinion if there is "genuine doubt" that a district court addressed the question of law incorrectly.  *In re Adam Aircraft Indus.*, Inc., 2010 WL 717841, at *3.  "It is the duty of the district judge to analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is a substantial ground for dispute." *Pueblo Sch. Dist. 60*, 2011 WL 1882829, at *3 (alterations and citation omitted).  "To determine if a 'substantial ground for difference of opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear."  *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (citation omitted).  The fact that "settled law might be applied differently does not establish a substantial ground for difference opinion."  *Id*.

11

The Court finds that there are not substantial grounds for difference of opinion. Construing plaintiffs' arguments liberally, it appears that they argue that the Court violated the following in overruling plaintiffs' objection to Judge Neureiter's October 16 Order: the First and Fourteenth Amendment, general principles of fundamental fairness, Fed. R. Civ. P. 12(f), and Fed. R. Civ. P. 15(a). Docket No. 88 at 4-8. The Court did not find Rule 12(f) and general principles of fundamental fairness were implicated or violated in its November 14 Order for the reasons discussed previously. Docket No. 86. Moreover, in their objection, plaintiffs did not raise the argument that Judge Neureiter's October 16 Order violated plaintiffs' First and Fourteenth Amendment rights and Fed. R. Civ. P. 15(a). Docket No. 76. In any event, plaintiffs have not raised a "genuine doubt" that the Court incorrectly addressed a question of law in its November 14 Order. *In re Adam Aircraft Indus.*, Inc., 2010 WL 717841, at *3. Plaintiffs merely cite cases that recite settled law and argue that they stand for the expansive holding that their motion to strike should have been granted. Docket No. 88 at 4–8. In other words, they argue that the "settled law" should be applied in a way that is favorable to them. *Couch*, 611 F.3d at 633. That is not a substantial ground for difference of opinion. For the same reason, plaintiffs fail to present a "novel and difficult question[] of first impression." *Id*.

### c. Materially Advance the Termination of the Litigation

The Court finds that the disposition of an appeal of its November 14 Order would not materially advance the termination of the litigation. If the Tenth Circuit were to reverse the Court's November 14 Order, plaintiffs' motion to strike would be granted and Detective Aron's motion would be stricken. As discussed previously, this would not terminate the action and it would not materially advance the termination of the litigation. *In re Adam Aircraft Indus., Inc., 2010 WL 717841*, at *4. Detective Aron would likely be

12

granted leave to a file a new motion. And, in any event, he could likely raise the same issues through a motion for summary judgment.

Accordingly, the Court will deny plaintiffs' motion to certify the Court's November 14, 2024 for interlocutory review under 18 U.S.C. § 1292(b).

### 2. Whether the November 14 Order is a Collateral Order

Certification under § 1292(b) is an alternative to the collateral order doctrine. *See Mohamed v. Jones*, 100 F.4th 1214, 1225 (10th Cir. 2024). Section 1291 of Title 28 generally allows for appellate review of "final decision." *Rieck v. Jensen*, 651 F.3d 1188, 1190 (10th Cir. 2011). "But the collateral-order doctrine expands the category of final (and therefore appealable) decisions to include decisions that are conclusive on the question decided, resolve important questions separate from the merits, and are effectively unreviewable if not addressed through an interlocutory appeal." *Id*. (internal quotation, alternations, and citation omitted). In order to constitute a collateral order that can be appealed before final judgment, the Order must "(1) be conclusive; (2) resolve important questions separate from the merits; and (3) be effectively unreviewable on appeal from final judgment." *Mohamed*, 100 F.4th at 1218 (internal quotations, alteration, and citation omitted). In determining whether an order is "effectively unreviewable on appeal from final judgment," "the decisive consideration is whether delaying review until the entry of final judgment would imperil a substantial public interest or some particular value of a high order." *Id*. (internal quotations, alternations, and citations omitted). Collaterally appealable orders are a "narrow" exception to the general principle that only final judgments are appealable and is "selective in its membership." *Will v. Hallock*, 546 U.S. 345, 350 (2006).

13

Plaintiffs argue that the November 14 Order caused harms that "cannot be adequately remedied through an appeal after final judgment." Docket No. 88 at 8. Plaintiffs state that the November 14 Order is effectively unreviewable because the opportunity to "participate fully and equitably in the litigation and or al [sic] arguments" cannot be restored. *Id.* Plaintiffs also state that the November 14 Order is "conclusive on the issue decided about striking the response" and the "procedural rulings at issue in this case are entirely separate from the substantive merits of Plaintiffs' claims." *Id*. at 8–9.

The Court finds that that its November 14 Order it not a collateral order subject to interlocutory appeal. It is true that the November 14 Order is conclusive as to whether Judge Neureiter erred in denying plaintiffs' motion to strike. And it is separate from the merits. *Mohamed*, 100 F.4th at 1218. However, the Court overruling plaintiffs' objections to Judge Neureiter's October 16 Order is not "effectively unreviewable on appeal from final judgment." *Id*. If appeal is reserved until the entry of final judgment, it would not "imperil a substantial public interest or some particular value of a high order." *Id*. Rather, if the Tenth Circuit were to agree with plaintiffs, Detective Aron's motion to dismiss would be struck and he would most likely file a compliant motion. In other words, there would be no substantive change in the underlying proceedings. Therefore, there is not a substantial public interest in addressing plaintiffs' challenge at the interlocutory appeal stage.

Accordingly, the Court does not find that its November 14 Order is an appealable, collateral order.

### 3. Direct Final Judgment under Fed. R. Civ. P. 54(b)

Under Fed. R. Civ. P. 54(b), the district court may direct the entry of a final judgment as to one or more but fewer than all of the claims in a multiclaim case when "there is no just reason for delay." Fed. R. Civ. P. 54(b). In order to direct entry of judgment under Rule 54(b), a court must find that three prerequisites are met: "(1) multiple claims; (2) a final decision on at least one claim; and (3) a determination by the district court that there is no just reason for delay." *Jordan v. Pugh*, 425 F.3d 820, 826 (10th Cir. 2005). To be a final judgment for purposes of Rule 54(b), the claims resolved must be "distinct and separable from the claims left unresolved." *Okla. Turnpike Auth. v. Bruner*, 259 F.3d 1236, 1243 (10th Cir. 2001). In determining whether to enter judgment pursuant to Rule 54(b), the Court is to "weigh[ ] Rule 54(b)'s policy of preventing piecemeal appeals against the inequities that could result from delaying an appeal." *Stockman's Water Co., LLC v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005).

Plaintiffs cite Rule 54(b) for the proposition that the Court "retains discretion . . . to revisit and amend its two October 4th, and November 14th orders." Docket No. 88 at 13. However, Rule 54(b), as discussed above, is a mechanism by which the Court can direct the entry of final judgment on one claim – despite the fact that the underlying litigation may be ongoing – such that the claim becomes appealable. The Court's October 4 and November 14 Orders do not resolve plaintiffs' claims.

Accordingly, the Court will not direct the entry of final judgment under Rule 54(b).

### C. Motion to Stay

Plaintiffs request that the Court stay proceedings if it certifies its November 14 Order for interlocutory appeal under 18 U.S.C. § 1292(b). Docket No. 88 at 9–12.

15

Because the Court denies plaintiffs' motion to certify the order for interlocutory appeal, it will deny plaintiffs' motion to stay.

### D. Reconsideration of Plaintiffs' E-Filing Privileges

Plaintiffs ask that the Court reconsider the revocation of their e-filing privileges. Docket No. 88 at 15. The Court will not "reconsider" the revocation of plaintiffs' e-filing privileges because it was the clerk's office that revoked their privileges, not the Court.

## III. CONCLUSION

It is therefore

**ORDERED** that on plaintiffs' Opposed Affirmation in Support of Motion for Certification of the Court's November 14, 2024, Order Pursuant to 28 U.S.C. § 1292(b) [Docket No. 88] is **DENIED.**

Dated November 25, 2024

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge