IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 24-cv-00848-PAB-NRN

JENNIFER L. DEES, and
ETHAN D. SMITH,

    Plaintiffs,

v.

WILLIAM HOOD, et al.,

    Defendants.

## ORDER

This matter is before the Court on plaintiffs Jennifer L. Dees's and Ethan D. Smith's Opposed Complaint for Temporary Restraining Order, Declaratory Relief, Preliminary Injunction, and Intervention by the U.S. Department of Justice [Docket No. 105].[1] Defendants Robert Aron, Molly Oltmann, Grant Chandler, Carly Ambrose, Alexis King, Christopher Gregory, and Krista Nash filed responses. Docket Nos. 106-110. Plaintiffs filed replies. Docket Nos. 114-116.

### I.  BACKGROUND

On March 27, 2024, plaintiffs filed their complaint, arising out of the 2012 divorce proceedings of plaintiff Jennifer Dees and defendant Joseph Cody Stockwell. Docket No. 1 at 33, ¶ 110. Plaintiffs' complaint asserts claims against defendants who were

---

[1] Plaintiffs' motion violates § III.A of this Court's practice standards because it is 25 pages. *See* Practice Standards (Civil cases), Chief Judge Philip A. Brimmer, § III.A ("All motions . . . shall not exceed fifteen pages."). After filing their motion for injunctive relief, plaintiffs filed an unopposed motion for leave to exceed the page limitations. Docket No. 111. The Court will grant this motion.

involved in the subsequent divorce and child custody proceedings. *See id.* at 33-68. Plaintiffs bring federal and state law claims against Jefferson County, Colorado court judges and court personnel, Colorado state district attorneys, a child legal representative appointed for Dees's youngest child, the Executive Director of the Colorado Commission on Judicial Discipline, and defendant J. Stockwell and his wife, defendant Cassandra Stockwell. *See generally* Docket No. 1; *see also* Docket No. 32 at 2; Docket No. 63 at 1; Docket No. 84 at 5-6; Docket No. 73 at 2.

On March 28, 2022, Dees was convicted for a violation of a protection order in Jefferson County court in a case before Judge Harold Sargent. Docket No. 105-1 at 1-2, 75. On February 23, 2024, Dees filed a motion for post-conviction relief pursuant to Colorado Rule of Criminal Procedure 35(c) in Jefferson County, challenging her March 28, 2022 conviction. *Id*. at 1-16. On March 10, 2025, Judge Graham Peper, a Jefferson County court judge, denied Dees's motion. Docket No. 105 at 3-4; *see* Docket No. 105-1 at 75-77.

On July 2, 2024, Dees emailed defendants J. Stockwell and C. Stockwell the "signed summons, a waiver of service of summons, and a petition initiating this action" from this case. Docket No. 105 at 5 (citing Docket No. 105-1 at 78). On July 15, 2024, a warrant for Dees's arrest was filed in Boulder County, Colorado for two charges of violating a protection order. Docket No. 105-1 at 82. In support of the arrest warrant, Officer A. DeVito, a police officer with the Erie Police Department in Erie, Colorado, submitted an affidavit. *Id.* at 79-80. Officer DeVito stated that there were two protection orders against Dees: one that restrained Dees from contacting J. Stockwell and another that restrained Dees from contacting C. Stockwell. *Id.* at 79. Officer DeVito stated that,

2

on July 2, 2024, Dees "sent an email to Joseph and his wife Cassandra Stockwell containing a civil summons notice." *Id.* Based on this information, Officer DeVito stated that there was probable cause to believe that Dees committed two counts of violating a protection order. *Id.* at 80.

In the instant motion, plaintiffs seek relief, including a temporary restraining order and a preliminary injunction, that relates to the following: the July 15, 2024 warrant for Dees's arrest, the ruling on Dees's Rule 35(c) motion, and the conditions of Dees's probation. *See* Docket No. 105 at 9, 10, 12. Plaintiffs argue that defendants have "deliberately obstruct[ed] post-conviction relief" and "weaponiz[ed] probation conditions" that has made it so that plaintiffs "cannot move forward in state court" and are thus "barred from seeking federal relief." *Id.* at 9. They argue that the July 15, 2024 arrest warrant was issued "without probable cause and in flagrant disregard of constitutional safeguards." *Id.* at 5. Plaintiffs claim that defendants' conduct "constitute a clear violation of due process, equal protection, and First Amendment retaliation protections." *Id.* at 9.

II. ANALYSIS

Preliminary injunctions and temporary restraining orders provide "intermediate relief of the same character as that which may be finally granted." *Adams v. Ade*, 2019 WL 3456814, at *2 (E.D. Okla. July 31, 2019) (citing *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)); *see also Harvey v. Martinez*, No. 22-cv-00369-NYW-TPO, 2024 WL 5086080, at *8 (D. Colo. Dec. 12, 2024). Thus, a party seeking such equitable relief must show "a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Harvey*, 2024 WL 5086080, at *8 (quoting *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010)). The Court will not grant

intermediate relief that exceeds or does not relate to the underlying claims in the plaintiffs' complaint. *Id.*

Plaintiffs' underlying claims in this case relate to the custody proceedings regarding Dees's child and Dees's March 28, 2022 conviction in Jefferson County court for violating a protection order. Docket No. 1 at 6-8. Plaintiffs' motion for injunctive relief has nothing to do with these allegations. Plaintiffs challenge conduct that occurred after Dees's March 28, 2022 conviction, namely, post-conviction relief proceedings and the terms of her probation. *See* Docket No. 105 at 9. The injunction motion further involves allegations related to the July 15, 2024 arrest warrant, which was issued after plaintiffs filed their complaint and is not related to plaintiffs' underlying claims.[2] *See id.* at 5. Moreover, plaintiffs' motion seeks relief against individuals and entities – Michael Dougherty, Judge David Archuleta, Judge Graham Peper, Officer

---

[2] The July 15, 2024 arrest warrant was issued after Dees attempted to serve the Stockwell defendants by emailing them a "summons, a waiver of service of summons, and the petition initiating this action." Docket No. 105 at 5. To the extent that plaintiffs argue that the July 15, 2024 arrest warrant is interfering with their ability to litigate this case, the Court finds that plaintiffs have not alleged irreparable harm. On August 13, 2024, the Boulder County Sheriff's Office served the Stockwell defendants. Docket No. 23. Moreover, since July 15, 2024, plaintiffs have continued to file documents and participate in hearings before the magistrate judge. *See, e.g.*, Docket Nos. 40, 42, 43, 48, 69, 75, 76, 88, 89, 94. Therefore, plaintiffs are not entitled to preliminary injunctive relief, as it relates to the July 15, 2024 arrest warrant, because they fail to show irreparable injury. *See Silva v. Mayes*, 2005 WL 2207013, at *3 (W.D. Wash. Sept. 8, 2005) (denying preliminary injunction because – while the claimed injuries in the motion for preliminary relief were "arguably related to the extent any denial of access to the courts might interfere with plaintiff's ability to litigate his underlying claims" – the court recommended that the motion for preliminary injunctive relief "should be denied based on his failure to show irreparable injury" where "[a] review of the multitude of documents filed by plaintiff in this action belies the argument he is being denied adequate access to the courts").

4

DeVito, and Colorado Attorney General Phil Weister, who plaintiffs refer to collectively as "Added Defendants"– that are not named as defendants in their complaint. *Id.* at 1. In their motion for injunctive relief, plaintiffs allege that "Jefferson County and Judicial Defendants" have interfered with plaintiffs' ability to pursue their claims in this case. *See, e.g.*, Docket No. 105 at 22 ("The Jefferson County and Judicial Defendants have engineered a sophisticated and deliberate obstruction of justice, halting discovery in this federal lawsuit."). These allegations bear no relationship to plaintiffs' complaint. *See, e.g.*, Docket No. 105 at 2-9; 11, 13, 15-16, 22; *see McMiller v. Corr. Corp. of Am.*, 2016 WL 1045567, at *1 (W.D. Okla. Mar. 15, 2016) (denying preliminary relief where the "prison officials whose conduct is the subject of the instant motion [for preliminary relief] are not parties and their conduct – refusal to provide certain prescribed medication – is not related to the events giving rise to this lawsuit").

Because the allegations in plaintiffs' motion do not bear any relationship to the claims in the complaint,[3] the Court will deny the motion.[4] *See Harvey*, 2024 WL 5086080, at *8.

### III. CONCLUSION

It is therefore,

---

[3] To the extent that plaintiffs move to amend their complaint, they fail to comply with D.C.COLO.LCivR 15.1 and that motion is denied.

[4] In their prayer for relief, plaintiffs also seek a permanent injunction, declaratory relief, and intervention from the Department of Justice. Docket No. 105 at 24. The Court will not grant the relief requested by plaintiffs because the relief they seek is unrelated to the claims in the complaint.

**ORDERED** that Plaintiffs' Opposed Complaint for Temporary Restraining Order, Declaratory Relief, Preliminary Injunction, and Intervention by the U.S. Department of Justice [Docket No. 105] is **DENIED**. It is further

ORDERED that Plaintiffs' Unopposed Motion for Leave to Exceed Page Limit Nunc Pro Tunc [Docket No. 111] is **GRANTED**.

Dated May 7, 2025

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge