IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 24-cv-00848-PAB-NRN

JENNIFER L. DEES, and
ETHAN D. SMITH,

      Plaintiffs,

v.

WILLIAM HOOD, et al.,

      Defendants.

---

**ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION**

---

This matter comes before the Court on the Report and Recommendation on Defendants' Motion to Dismiss and Motion for Summary Judgment [Docket No. 118]. The Court has jurisdiction pursuant to 28 U.S.C § 1331. Plaintiffs Jennifer L. Dees and Ethan D. Smith filed timely objections. Docket No. 119. Defendants Alexis King, Carly Ambrose, Grant Chandler, and Molly Oltmann (collectively, the "DA Defendants") filed a response. Docket No. 120. Plaintiffs filed a reply. Docket No. 121.

**I.    BACKGROUND**

The facts are set forth in the magistrate judge's recommendation, Docket No. 118 at 3-10, and the Court adopts them for purposes of ruling on the objections. To the extent that plaintiffs dispute how the magistrate judge construed certain facts, the Court considers and resolves those arguments below.

On March 27, 2024, plaintiffs filed their complaint, arising out of the 2012 divorce proceedings of Ms. Dees and defendant Joseph Cody Stockwell. Docket No. 1 at 33,

¶ 110.  Plaintiffs bring the following federal claims pursuant to 42 U.S.C. § 1983: (1) a

Fifth and Fourteenth Amendment substantive due process claim; (2) a Fourteenth

Amendment procedural due process claim; (3) a First Amendment retaliation claim; (4)

a Fourteenth Amendment "conspiracy" claim brought pursuant to 42 U.S.C. §§ 1983,

1985(3); (5) a Fourteenth Amendment equal protection claim; (6) a Fourteenth

Amendment "abuse of process" claim; and (7) a Fifth and Fourteenth Amendment claim

for "deliberately indifferent policies."  *See id*. at 62-74.  Plaintiffs also bring a claim under

Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et. seq., and Section

504 of the Rehabilitation Act, 29 U.S.C. § 794.  *See id.* at 74-76.  Plaintiffs bring the

following state claims under Colorado law: (1) a claim for intentional infliction of

emotional distress; (2) an "abuse of process" claim; (3) a "conspiracy" claim; (4) a claim

for negligent infliction of emotional distress; and (5) a claim for fraud.  *See id.* at 76-85.

Plaintiffs allege that defendants were involved in the divorce, child custody, and

protection order proceedings arising out of Ms. Dees's and Mr. Stockwell's divorce.  *See*

*id.* at 33-68.  As relevant here, plaintiffs assert claims against the following parties:

> (1) the DA Defendants, who were involved in the prosecution of Ms. Dees for
> violation of a December 21, 2018 permanent protection order ("PPO") that
> protected defendant Cassandra Stockwell, wife of Mr. Stockwell, and two other
> individuals (the "December 21, 2018 PPO");[1]

---

[1] The Court takes judicial notice of the state court docket in Case No.
2018C2088, wherein the December 21, 2018 PPO was entered.  *Tal v. Hogan*, 453
F.3d 1244, 1254 n.24 (10th Cir. 2006) (holding that a court may take judicial notice of
facts which are a matter of public record when considering a motion to dismiss); *Stan
Lee Media, Inc. v. Walt Disney Co*., 774 F.3d 1292, 1298 n.2 (10th Cir. 2014) (noting
that a court may "take judicial notice of documents and docket materials filed in other
courts").  The Court takes judicial notice of the state court docket in Case No.
2020M6107, wherein the Jefferson County District Attorney's Office prosecuted Ms.
Dees for violating the December 21, 2018 PPO and Ms. Dees was ultimately convicted.

(2) Detective Robert Aron, a detective with the Westminster Police Department who initiated charges against Ms. Dees for violation of the December 21, 2018 PPO;

(3) William Hood, Christopher Zenisek, Jeffrey Pilkington, Karen Hubler, Jennifer Torrington, Megan Upshaw, Andrew McCallin, Demetria Trujillo, Brian Boatright, Alex Martinez, Harold Sargent, Nikea Bland, Dennis Graham, Angela Boykins, and Gilbert Román (collectively, the "Judicial Defendants"), a group of Colorado state judges and judicial employees who were either involved in the imposition and appeal of the permanent protection order entered against Ms. Dees protecting Mr. Stockwell (the "September 18, 2020 PPO") or Ms. Dees's trial and appeals of her criminal conviction for violating the December 21, 2018 PPO;[2]

(4) Christopher Gregory, former Executive Director of the Colorado Commission on Judicial Discipline, the entity responsible for handling the complaints Ms. Dees filed against Colorado state judges;

(5) Krista Nash, the Child Legal Representative appointed for Ms. Dees's youngest child ("L.D.") in the divorce proceedings between Ms. Dees and Mr. Stockwell; and

(6) Mr. and Mrs. Stockwell.

*See generally* Docket Nos. 32, 46, 63, 73, 84.

The DA Defendants, Detective Aron, the Judicial Defendants, Mr. Gregory, and Ms. Nash filed motions to dismiss. *See id.* These defendants argue that plaintiffs' claims should be dismissed because the Court lacks subject matter jurisdiction over the claims or because plaintiffs fail to state a valid claim. *See id*. The DA Defendants argue that the complaint fails to comply with Fed. R. Civ. P. 8. *See* Docket No. 32 at 14. Mr. and Mrs. Stockwell filed a motion for summary judgment. Docket No. 102.

The magistrate judge recommends granting the DA Defendants' motion to dismiss all claims against all defendants because the complaint fails to comply with

---

[2] The Court takes judicial notice of the state court docket in Case No. 2012DR1367, the underlying divorce proceedings between Ms. Dees and Mr. Stockwell, wherein the Denver District Court entered the September 18, 2020 PPO and appointed Ms. Nash as the child legal representative for L.D.

Rule 8 and that the remaining motions to dismiss and the motion for summary judgment be denied as moot.  Docket No. 118 at 24.  Because the magistrate judge concludes that the complaint fails to comply with Rule 8, he does not reach the defendants' argument that the Court lacks subject matter jurisdiction pursuant to Rule 12(b)(1) and the complaint fails to state a claim pursuant to Rule 12(b)(6).  *Id.* at 17.  The magistrate judge recommends that the complaint be dismissed without prejudice.  *Id.* at 24.

## II.    LEGAL STANDARD

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  An objection is "proper" if it is both timely and specific.  *United States v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) ("*One Parcel*").  A specific objection "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute."  *Id.*

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate.  *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").  The Court therefore reviews the non-objected to portions of a recommendation to confirm there is "no clear error on the face of the record."  Fed. R. Civ. P. 72(b), Advisory Committee Notes.  This standard of review is something less than a "clearly erroneous" or "contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review.  Fed. R. Civ. P. 72(b).  Because plaintiffs

are proceeding pro se, the Court will construe their objections and pleadings liberally without serving as their advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## III.    ANALYSIS

Plaintiffs raise five objections to the magistrate judge's recommendation:

### A.  Plaintiffs' First Objection

Plaintiffs object to the magistrate judge's recommendation that their complaint be dismissed for failure to comply with Rule 8(a)(2). *See* Docket No. 119 at 3-6. The magistrate judge finds that plaintiffs fail to "clear even [the] relatively low bar" established by *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007). Docket No. 118 at 17. He explains that "Plaintiffs' Complaint 'consistently fails to identify what specific actions the defendants took to violate [the plaintiff's] rights." *Id.* at 19 (quoting *Gottorff v. Michelich*, 2025 WL 1482719, at *2 (10th Cir. May 23, 2025)).

Rule 8(a)(2) requires that a "pleading that states a claim for relief must contain: . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rather than explaining how their allegations comply with Rule 8(a)(2), plaintiffs broadly assert that their complaint "sets forth, in detail '(1) what each defendant did to him or her; (2) when the defendant did it; (3) how the defendant's action harmed him or her; and (4) what specific legal right the plaintiff believes the defendant violated.'" Docket No. 119 at 3 (quoting *Nasious*, 492 F.3d at 1163). The Court disagrees that plaintiffs "set[] forth, in detail" the conduct that is the basis for their claims. For instance, as the magistrate judge notes, plaintiffs allege in their substantive

due process claim that "nineteen defendants 'collectively engaged in a conspiracy to significantly infringe upon [Ms. Dees's] constitutionally protected right to familial association,' and that twelve defendants 'are complicit in covering up and facilitating jury tampering and obstruction of justice,'" which "does not state how each of these Defendants individually allegedly violated Ms. Dees' substantive due process rights." Docket No.118 at 17-18 (quoting Docket No. 1 at 62-63, ¶¶ 195, 196).  These allegations "fail[] to articulate what concrete action" each of the defendants took that allegedly resulted in the formation of a "conspiracy" or "jury tampering."  *See* Docket No. 1 at 20, 68; *Gottorff*, 2025 WL 1482719, at *2 (holding that plaintiff failed to comply with Rule 8 because the "complaint consistently fails to identify what specific actions the defendants took to violate [plaintiff's] rights").  The remainder of plaintiffs' allegations are similarly "vague" and "conclusory" and "fail[] to set out a short and plain statement of the claims."  *Gottorff*, 2025 WL 1482719, at *2; *see also Hall,* 935 F.2d at 1110 ("conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based"); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation") (citation omitted).  Even if plaintiffs did allege the existence of concrete action, plaintiffs' allegations refer generally to "Defendants" or reference a collection of defendants without specifying what act is attributable to which defendant.  *See Carrado v. Daimler AG*, No. 17-cv-3080-WJM-SKC, 2018 WL 4565562, at *3 (D. Colo. Sept. 24, 2018) ("when a plaintiff fails to distinguish among multiple defendants, including on claims that could not apply to certain defendants," a pleading does not comply with Rule 8).

The Court rejects plaintiffs' argument that the magistrate judge should have considered plaintiffs' motion for a temporary restraining order[3] and Ms. Dees's habeas petition to determine whether plaintiffs' complaint complies with Rule 8(a)(2). *See* Docket No. 119 at 4-6. A court may dismiss a complaint under Rule 8 when it "is impossible to tell *from the face of the complaint* which defendants were accused of which violations, what specific acts constituted violations, or when alleged violations occurred." *Monroe v. Owens*, 38 F. App'x 510, 515 (10th Cir. 2002) (unpublished) (emphasis added). Even if it had been appropriate for the magistrate judge to consider these motions, the fact that these motions allegedly "describ[e] immediate and continuing retaliatory conduct by named defendants in this case" does not bring plaintiffs' complaint into compliance with Rule 8(a)(2). As the Court explained in its order denying plaintiffs' motion for a temporary restraining order, the "retaliatory conduct" challenged by plaintiffs does not "bear any relationship to the claims in the complaint". Docket No. 117 at 5. Therefore, the motions do not change the Court's finding that plaintiffs' complaint does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2).

Accordingly, the Court will overrule plaintiffs' first objection.

### B. Plaintiffs' Second Objection

Plaintiffs argue that the magistrate judge erred by dismissing their complaint for failure to comply with Rule 8 and not reaching the parties' arguments regarding dismissal pursuant to Rules 12(b)(1) and 12(b)(6). Docket No. 119 at 6-8. Courts can

---

[3] The Court denied plaintiffs' motion for a temporary restraining order on May 7, 2025. Docket No. 117.

dismiss a complaint for failure to comply with Rule 8 without reaching the issue of whether dismissal is warranted under Rules 12(b)(1) and 12(b)(6).  *See, e.g.*, *Moser v. Okla.*, 118 F. App'x 378, 381 (10th Cir. 2004) (unpublished) ("Because we resolve the appeal based on Rule 8, we need not reach the propriety of the district court's Rule 12 dismissal."); *Griffin v. Kelly*, 297 F. App'x 760, 762 n.4 (10th Cir. 2008) (unpublished) ("Because we conclude the court properly dismissed [plaintiff's] complaint under Rule 8, we need not resolve whether Rule 12(b)(6) constitutes an alternative ground for dismissal.").

Plaintiffs argue that the Court "must resolve jurisdictional questions before addressing the merits or formal sufficiency of a complaint."  Docket No. 119 at 6. However, as the magistrate judge explains, the Court is "unable to evaluate (a) whether it has subject matter jurisdiction over these claims, and (b) whether these claims satisfy the Rule 12(b)(6) pleading standard" because the complaint does not comply with Rule 8.  *See* Docket No. 118 at 18.  It is proper for a court to dismiss a complaint when it cannot determine, due to the complaint's failure to comply with Rule 8, whether the court has subject matter jurisdiction.  *See Sun Valley Assisted Living LLC v. Satria*, No. 23-cv-01498-DDD-STV, 2023 WL 8651482, at *1 (D. Colo. Nov. 2, 2023) (accepting the magistrate judge's recommendation that the complaint be dismissed pursuant to Rule 8 where the magistrate judge found that "the complaint failed to allege facts sufficient for the Court to determine whether it has subject matter jurisdiction over the case"); *Itiowe v. United States Gov't*, 2015 WL 12911733, at *2 (D.N.J. Sept. 14, 2015) ("based on the information in Plaintiff's Complaint, the Court cannot determine if proper subject matter

jurisdiction exists over this action" and dismissing the complaint without prejudice for failure to comply with Rule 8(a)).

The Court rejects plaintiffs' argument that the magistrate judge erred because he "never once raised Rule 8 as a concern" before issuing the recommendation. Docket No. 119 at 7. Plaintiffs were on notice that their complaint was subject to dismissal pursuant to Rule 8. In their motion to dismiss, the DA Defendants argued that the complaint's "allegations are insufficient as a matter of law to state a claim upon which relief may be granted, let alone to satisfy the notice pleading requirements of Rule 8." Docket No. 32 at 14. The magistrate judge was not required to "raise[] Rule 8 as a concern" in "pretrial conferences," "written orders," and during "oral argument." *See* Docket No. 119 at 7. "[T]he court . . . cannot be a *pro se* litigant's advocate, and '[p]ro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil . . . Procedure.'" *Bruce v. Pac. Specialty Ins. Co.*, No. 15-cv-01323-RM-CBS, 2016 WL 11693598, at *3 (D. Colo. Aug. 15, 2016), *report and recommendation adopted*, 2017 WL 11545237 (D. Colo. Feb. 8, 2017), *aff'd*, 755 F. App'x 731 (10th Cir. 2018) (unpublished) (citing *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008)) (internal quotation omitted). Therefore, the Court finds that the magistrate judge did not err in recommending that plaintiffs' complaint be dismissed without prejudice for failure to comply with Rule 8. *See Nasious,* 492 F.3d at 1162 n.3 (the Tenth Circuit has "affirmed district courts' dismissals of actions without prejudice for failure to comply with Rule 8 under our basic abuse of discretion standard") (collecting cases); *Chavez v. Huerfano Cnty.*, 195 F. App'x 728, 730 (10th Cir. 2006) (unpublished)

(affirming the district court's dismissal of pro se plaintiff's complaint without prejudice because it failed to comply with Rule 8(a)(2)).

Accordingly, the Court will overrule plaintiffs' second objection.

## C. Plaintiffs' Third and Fourth Objection

Plaintiffs argue that the magistrate judge's recommendation is a "retaliatory" action taken in response to Ms. Dees filing a "verified federal habeas petition and civil rights complaint." Docket No. 119 at 8-9. Plaintiffs assert that their "inference" of retaliation is supported by the timing of the magistrate judge's recommendation, which occurred "[w]ithin 48 hours of [] filing" Ms. Dees's habeas petition, the magistrate judge's "improper reliance on Dees v. Zurlo, N.D.N.Y.," and the "active involvement" "of "FBI agents [who] visited Plaintiffs' residence in response to ongoing investigations" that demonstrates the "seriousness of Plaintiffs' whistleblower allegations, including of judicial corruption." *Id.* at 9-10.

"[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). The Court rejects plaintiffs' argument that the timing of the magistrate judge's recommendation and the alleged involvement of "FBI agents" show that the magistrate judge is retaliating against plaintiffs for filing this case. Plaintiffs' "inference" that the magistrate judge's recommendation is retaliatory is an "unsubstantiated suggestion of personal bias." *See United States v. Mobley*, 971 F.3d 1187, 1205 (10th Cir. 2020). Furthermore, the magistrate judge's reference to plaintiffs' other case, *Dees v. Zurlo*, 2024 WL 1053237, (N.D.N.Y. Mar. 11, 2024), *report and recommendation adopted*, 2024 WL 2291701 (N.D.N.Y. May 21, 2024), *aff'd sub nom. Dees v. Knox*, 2025 WL 485019 (2d Cir. Feb.

13, 2025), does not reveal "a high degree of favoritism or antagonism."  *See United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005) (citation omitted).  The magistrate judge referred to *Dees* to put plaintiffs on notice of the legal doctrines that may affect the viability of their claims if they choose to refile the complaint.  *See* Docket No. 118 at 20-23.  In this context, the magistrate judge's citation of *Dees* does not reveal antagonism.  Therefore, the Court rejects plaintiffs' argument, in support of their fourth objection, that the magistrate judge's "threats of sanctions" are evidence of bias and retaliation.  *See* Docket No. 119 at 10-14.  The Court also finds that the magistrate judge's reference to *Dees* and his warning that plaintiffs may subject themselves to sanctions does not interfere with plaintiffs' "meaningful access to the court."  *Id.* at 12. The magistrate judge recommends dismissal without prejudice, and no sanctions have been entered against plaintiffs.  *See* Docket No. 118 at 20-25.  Furthermore, plaintiffs can exercise, and have exercised, their ability to object to rulings by the magistrate judge.  *See, e.g.*, Docket Nos. 76, 120.

Accordingly, the Court will overrule plaintiffs' third and fourth objection.

### D.  <u>Plaintiffs' Fifth Objection</u>

Plaintiffs argue that the magistrate judge's recommendation "imposes an impermissibly heightened pleading standard."  Docket No. 119 at 14.  For the reasons discussed previously, the Court finds that the complaint fails to comply with Rule 8. Furthermore, the magistrate judge applied the appropriate legal standard and considered plaintiffs' pro se status.  *See* Docket No. 118 at 16.  Plaintiffs argue that the "veiled threats of sanctions" and reference to *Dees* "unlawfully chill Plaintiffs protected right to petition the courts and improperly weaponize prior proceedings to pre-judge the

merits." Docket No. 119 at 14. As discussed previously, the Court finds that the magistrate judge's reference to *Dees* and his warning plaintiffs of the potential for sanctions do not demonstrate bias or impact plaintiffs' access to the courts.

Accordingly, the Court will overrule plaintiffs' fifth objection.

### E. Non-Objected to Portions of the Recommendation

The Court has reviewed the rest of the recommendation to satisfy itself that there are "no clear error[s] on the face of the record." *See* Fed. R. Civ. P. 72(b), Advisory Committee Notes. Based on this review, the Court has concluded that the recommendation is a correct application of the facts and the law.[4]

### F. Plaintiffs' Opposed Motion for Relief Based on Procedural Default and Notice of Rule 72(b)(2) Waiver of Defenses

On June 17, 2025, plaintiffs filed a motion requesting that the Court "conduct de novo review, reinstate the Complaint, declare that specific Rule 12(b) defenses raised by defendants and not preserved are waived, and grant related relief to ensure adjudication of their constitutional claims." Docket No. 122 at 1. In this motion, plaintiffs primarily restate arguments that were raised in their objection. Specifically, plaintiffs argue that their complaint complies with Rule 8 and objects to the magistrate judge's reference to *Dees* and the potential for sanctions. *See id*. at 4-6, 7, ¶¶ 10-14; 20-21. The Court rejects these arguments for the reasons discussed previously.[5] *See*

---

[4] The Judicial Defendants, Mr. Aron, Ms. Nash, Mr. Gregory, and Mr. and Mrs. Stockwell do not object to the denial of their motions as moot.

[5] In Docket No. 122, plaintiffs point to allegations that purportedly demonstrate the complaint's compliance with Rule 8. *See* Docket No. 122 at 4, ¶ 11. For instance, plaintiffs argue that the complaint alleges "Defendant Hood issued void custody orders without hearings," "Defendants J. and C. Stockwell filed false reports and destroyed Dees' parental bond with her children," "several other Defendants . . . conspired to traffic Dees' child and concealed records." *Id*. The allegations identified by plaintiffs are

*Aurzadniczek*, 2016 WL 1266972, at *1 n.2 (finding that plaintiff's reply brief "merely restates for at least the third time the same arguments and responses to defendants' arguments that have been stated previously in plaintiffs' response to defendants' motion to dismiss and their objections to the R&R").  Therefore, the Court will not "reject the R&R" and will not "[s]trike the R&R's sanction threats."  *See* Docket No. 122 at 10.

Turning to the remainder of plaintiffs' motion, plaintiffs take issue with the fact that only the DA Defendants responded to plaintiffs' objection and no defendant objected to the recommendation.  *See id.* at 7, 8, ¶¶ 18-19, 22-25.  Plaintiffs' objection is based on the mistaken belief that defendants were required to object to the recommendation or respond to plaintiffs' objection.  Rule 72(b)(2) does not require a party to file objections or responses.  *See* Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party *may* serve and file specific written objections to the proposed findings and recommendations.  A party *may* respond to another party's objections within 14 days after being served with a copy.") (emphasis added).  Therefore, the Court rejects plaintiffs' argument that defendants who did not file a response or object to the recommendation "demonstrate a brazen belief that they are above the law, expecting federal courts to protect them without scrutiny of their alleged misconduct," Docket No. 122 at 8, ¶ 25, and declines plaintiffs' request that the Court "consider this silence not merely as waiver, but as further

---

more "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" that do not comply with Rule 8.  *See Iqbal*, 556 U.S. at 678.  The fact that plaintiffs cite to federal statutes and "provide[] timelines" does not bring the complaint into compliance with Rule 8.  *See* Docket No. 122 at 4-5, ¶ 11.

evidence of bad faith and deliberate obstruction of justice." *Id.* at 9, ¶ 27.[6]  To the
extent that plaintiffs take issue with the fact that the magistrate judge based his
recommendation of dismissal on the application of Rule 8, rather than Rule 12, it was
proper for the magistrate judge to do so because the DA Defendants moved to dismiss
the complaint pursuant to Rule 8.[7]  *See* Docket No. 32 at 14.

Plaintiffs further request "oral argument" given the "complexity, constitutional
gravity, and the public importance of the issues presented."  Docket No. 122 at 9, ¶ 26
(citing D.C.COLO.LCivR 7.1(h)).  However, Rule 7.1(h) only contemplates oral
argument to decide a motion, not to hear a party's objection to a magistrate judge's
recommendation.  *See* D.C.COLO.LCivR 7.1(h) ("A motion may be decided without oral
argument at the discretion of the court.").  Moreover, the Court finds that a hearing is not
necessary.  The magistrate judge held a motions hearing on November 21, 2024, where
plaintiffs had the opportunity to present arguments in response to the motions to
dismiss.  *See* Docket No. 94 at 1.

Accordingly, the Court will deny plaintiffs' motion.[8]

_____

[6] Plaintiffs ask that the Court "[d]irect non-defaulted defendants to answer [the]
Complaint within 14 days per FRCP 12(a)(4)."  Docket No. 122 at 10.  A defendant may
respond to a complaint with a motion to dismiss, rather than filing an answer.  *Coando
v. Westport Res.*, 85 F. App'x 59, 61 (10th Cir. 2003) (unpublished).  Because the
defendants who appeared filed motions to dismiss, there is no basis for plaintiffs'
request.

[7] The Court is not prohibited from reaching the issue of whether dismissal is
proper under Rules 12(b)(1) or 12(b)(6), as plaintiffs seems to suggest, because, even
in the absence of an objection, the district court may review a magistrate judge's
recommendation under any standard it deems appropriate.  *See Summers*, 927 at
1167.  Therefore, the Court will not "[d]eclare that specific Rule 12(b)(1) and 12(b)(6)
defenses . . . via objections are waived."  *See* Docket No. 122 at 10.

[8] Plaintiffs make several requests in Docket No. 122.  They ask that the Court
"[r]einstate the Verified Complaint" without requiring plaintiffs to amend the complaint, or
in the alternative, "grant leave to amend under Rule 15(a)(2) with Article III judge

Case No. 1:24-cv-00848-PAB-NRN     Document 134     filed 08/21/25     USDC Colorado
pg 15 of 16

IV.    **CONCLUSION**

Therefore, it is

**ORDERED** that Plaintiffs' Opposed Motion for Relief Based on Procedural Default and Notice of Rule 72(b)(2) Waiver of Defenses [Docket No. 122] is **DENIED**.  It is further

**ORDERED** that Plaintiffs' Rule 72(b)(2) Objections to the May 30, 2025, Report and Recommendation [Docket No.119] is **OVERRULED**.  It is further

**ORDERED** that the Report and Recommendation on Defendants' Motion to Dismiss and Motion for Summary Judgment [Docket No. 118] is **ACCEPTED**.  It is further

**ORDERED** that the portion of DA Defendants' Motion to Dismiss [Docket No. 32] that seeks dismissal pursuant to Fed. R. Civ. P. 8 is **GRANTED**.  It is further

**ORDERED** that defendant Robert Aron's Motion to Dismiss [Docket No. 46] is **DENIED as moot**.  It is further

**ORDERED** that Judicial Defendants' Motion to Dismiss [Docket No. 63] is **DENIED as moot**.  It is further

**ORDERED** that the Motion to Dismiss from Defendant Christopher Gregory [Docket No. 73] is **DENIED as moot**. It is further

---

guidance." Docket No. 122 at 10.  Plaintiffs request that the Court "[r]econsider the Motion for TRO and Preliminary Injunction." *Id.*  They request that the Court "lift[] discovery bars and set[] a Rule 16 scheduling conference." *Id.*  The Court will not consider these requests as they violate the Local Rules of this District.  "A motion shall be filed as a separate document."  D.C.COLO.LCivR 7.1(d).  Furthermore, plaintiffs' request for leave to amend their complaint does not comply with D.C.COLO.LCivR 15.1(b).

ORDERED that defendant Krista Nash's Motion to Dismiss [Docket No. 84] is **DENIED as moot**.  It is further

ORDERED that defendants Cassandra Stockwell and Joseph Stockwell 's Motion for Summary Judgment [Docket No. 102] is **DENIED as moot**.  It is further

ORDERED that the DA Defendants' Motion to Strike [Docket No. 123] is **DENIED as moot**.  It is further

ORDERED that plaintiff's complaint, Docket No. 1, is **DISMISSED** without prejudice for failure to comply with Fed. R. Civ. P. 8.[9]  It is further

ORDERED that this case is closed.


DATED August 21, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

---

[9] Defendants Jefferson County and Stephanie Holder did not enter appearances in this case.  Because the Court accepts the magistrate judge's recommendation that dismissal pursuant to Rule 8 is appropriate and finds that all of plaintiffs' claims fail to comply with Rule 8, the Court will dismiss the claims against Jefferson County and Ms. Holder without prejudice.  *See Raja v. Fed. Deposit Ins. Corp.*, 2021 WL 508578, at *3 (D.D.C. Feb. 11, 2021) ("To the extent that not all of the defendants in this action have filed or joined these motions to dismiss, the Court further finds that Plaintiffs' claims with respect to such absent defendants also fail to comply with Rule 8"); *cf. Rodriguez v. Nationwide Homes, Inc.*, 756 F. App'x 782, 785 (10th Cir. 2018) (unpublished) ("If a complaint fails to meet these basic pleading requirements, a district court may dismiss the action sua sponte for failure to comply with Rule 8.")